STORCH AMINI & MUNVES PC
Attorneys for Debtors and
Debtors in Possession
Bijan Amini, Esq.
Avery Samet, Esq.
Bonnie Tucker, Esq.
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
(212) 490-4100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re: :
 :
VALUE CITY HOLDINGS, INC., et al., : Chapter 11
 : Case No. 08-14197 (JMP)
 Debtors. : (Jointly Administered)
 :
-------------------------------------------------------------x
 :
 :
VALUE CITY DEPARTMENT STORES, LLC, : Adv. Pro. No. _____
 :
 Plaintiff, :
 :
 v. :
 :
CARLEN ENTERPRISES, :
 :
 Defendant. :
 :
-------------------------------------------------------------x

## **COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

Plaintiff Value City Department Stores, LLC ("Value City" or "Plaintiff" or "Debtor"), as debtor and debtor in possession, as and for its complaint to avoid certain

1

preferential transfers made by Value City to Defendant Carlen Enterprises ("Defendant") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. On October 26, 2008 (the "Commencement Date"), the Debtors commenced with this Court a voluntary case under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Plaintiff continues to be authorized to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and, accordingly, is authorized to prosecute avoidance actions.

2. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(F) and (O).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a) because this is the district where Value City's chapter 11 case is pending.

5. This proceeding has been brought in accordance with Fed. R. Bankr. P. 7001.

6. Upon information and belief, Defendant is a corporation or business entity with its principal place of business in Seal Beach, California.

## COUNT I

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 above as if fully set forth herein.

8. Sections 547(b) and 550(a) of the Bankruptcy Code empower a debtor in possession, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

9. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

10. During the 90 day period prior to the Commencement Date, Plaintiff made certain transfers (the "Avoidable Transfers") to Defendant on the dates and in the amounts set forth in the chart annexed as Exhibit A hereto.

11. The Avoidable Transfers were to or for the benefit of Defendant, a creditor of Value City.

12. The Avoidable Transfers were on account of antecedent debts owed by Value City to Defendant before such transfers were made.

13. The Avoidable Transfers to Defendant were made while Value City was insolvent.

14. The Avoidable Transfers enabled Defendant to recover more than it would have received if (a) the Avoidable Transfers had not been made, (b) the case were a case under Chapter 7, and (c) Defendant received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

15. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential and the money transferred should be returned to Value City. Value City is entitled to recover from Defendant an amount to be determined at trial that is not less than $163,947.16 plus interest thereon, from the date of the transfer and the costs of this action.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against Defendant pursuant to §§ 547(b) and 550(a) of the Bankruptcy Code (1) directing Defendant to pay to Value City's estate the amount of the Avoidable Transfers in an amount to be determined at trial that is not less than $163,947.16, plus interest and costs and (2) granting to Value City such other and further relief as may appear just and proper.

Dated: New York, New York
November 23, 2009

   /s/Avery Samet
Bijan Amini, Esq.
Avery Samet, Esq.
Bonnie Tucker, Esq.
STORCH AMINI & MUNVES PC
Attorneys for Plaintiff
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
(212) 490-4100

# Exhibit A

## Value City Department Stores Preference Payment Detail
**Payee: CARLEN ENTERPRISES**

| Type: | Check / Trans #: | Issue Date: | ClearDate: | Transaction Amount: |
|---|---|---|---|---|
| Check | 127226 | 8/15/2008 | 8/25/2008 | $63,392.62 |
| Check | 127452 | 8/25/2008 | 9/3/2008 | $100,554.54 |
| | | | **Total:** | **$163,947.16** |