RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Joseph L. Schwartz, Esq. (NJ Bar No. JS-5525)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza, One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800
-and-
500 Fifth Avenue, Suite 4920
New York, New York 10110
(212) 302-6574

Attorneys for the defendant,
P2F Holdings f/k/a Carlen Enterprises, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VALUE CITY HOLDINGS, INC., *et al.*,<br><br>                         Debtors. | Chapter 11<br><br>Case No. 80-14197 (JMP)<br>(Jointly Administered) |
| VALUE CITY DEPARTMENT STORES, LLC,<br><br>                         Plaintiff,<br><br>vs.<br><br>CARLEN ENTERPRISES,<br><br>                         Defendant. | Adv. Pro. No. 09-01806 (JMP) |

### ANSWER AND SEPARATE DEFENSES OF CARLEN ENTERPRISES, INC. TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

Defendant, P2F Holdings f/k/a Carlen Enterprises, Inc., which is named herein as Carlen Enterprises ("Carlen"), by and through its undersigned counsel, Riker Danzig Scherer Hyland & Perretti, LLP, by way of Answer and Separate Defenses to Complaint to Avoid Preferential Transfers (the "Complaint"), filed by the plaintiff, Value City Department Stores, LLC ("Plaintiff"), states as follows:

## JURISDICTION AND VENUE

1.     Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 2 of the Complaint.

3.     Paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 4 of the Complaint.

6.     Carlen admits that it is a corporation with its principal place of business in Seal Beach, California.

## COUNT I

7.    Carlen repeats and reiterates each of its responses contained in each of the preceding paragraphs as if fully set forth at length herein.

8.    Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

9.    Paragraph 9 of the Complaint contains legal conclusions to which no response is required.

10.    Except to admit that it received payments in the amounts listed on Exhibit A to the Complaint, Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 10 of the Complaint.

11.    Carlen admits that (i) it received payments in the amounts listed on Exhibit A to the Complaint, (ii) some portion of the payments were to or for Carlen's benefit and (iii) Carlen was a creditor of one of the debtors at various times. Carlen is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 11 of the Complaint.

12.    Carlen admits that it received payments in the amounts listed on Exhibit A to the Complaint, but is without knowledge or information sufficient to respond to the allegations contained in paragraph 12 of the Complaint.

13.    Carlen is without knowledge or information sufficient to respond to the allegations contained in paragraph 13 of the Complaint.

14.    Carlen denies the allegations contained in paragraph 14 of the Complaint.

15. Carlen denies the allegations set forth in paragraph 15 of the Complaint.

## SEPARATE DEFENSES

### First Separate Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Separate Defense

The Plaintiff lacks standing to avoid and recover any alleged transfers made by the Plaintiff to Carlen.

### Third Separate Defense

The Plaintiff cannot demonstrate that all of the elements necessary for the avoidance of a transfer under 11 U.S.C. § 547(b) are satisfied.

### Fourth Separate Defense

The Plaintiff's claims are barred under 11 U.S.C. § 547(c)(1) because any payments made to Carlen were intended by the Plaintiff and Carlen to be contemporaneous exchanges for new value given to the Plaintiff and were in fact substantially contemporaneous exchanges.

### Fifth Separate Defense

The Plaintiff's claims are barred under 11 U.S.C. § 547(c)(2) because any the payments made by the Plaintiff to Carlen were made: (a) in payment of debts incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and Carlen; (b) in the ordinary course of business or financial affairs of the Plaintiff and Carlen; and (c) according to ordinary business terms.

## Sixth Separate Defense

The Plaintiff's claims are barred under 11 U.S.C. § 547(c)(4) because subsequent to the dates on which the payments at issue were made, Carlen gave new value to or for the benefit of the Plaintiff, which new value was not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Carlen.

## Seventh Separate Defense

Carlen was not a transferee within the meaning of 11 U.S.C. § 550(a) with respect to some portion of the payments that are at issue and therefore cannot be liable to the Plaintiff for these amounts.

WHEREFORE, Carlen requests the entry of an Order:

(i)      dismissing the Complaint with prejudice;

(ii)     granting Carlen costs of suit, including all reasonable counsel fees; and

(iii)  for such other and further relief as the Court deems just, proper and
equitable.

Dated: Morristown, NJ
       February 3, 2010

                        /s/ Kevin J. Larner
                        Joseph L. Schwartz, Esq. (N.J. Bar No. JS-5525)
                        Kevin J. Larner (KL-8627)
                        RIKER, DANZIG, SCHERER, HYLAND
                          & PERRETTI LLP
                        Headquarters Plaza, One Speedwell Avenue
                        P.O. Box 1981
                        Morristown, New Jersey  07962-1981
                        (973) 538-0800
                        -and-
                        500 Fifth Avenue
                        Suite 4920
                        New York, New York 10110
                        (212) 302-6574

                        Attorneys for defendant
                        P2F Holdings f/k/a Carlen Enterprises, Inc.

4014026.1